UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRED DUANE STAFFORD, | No. 1:14-CV-3150-JTR |
| Plaintiff, | |
| | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF No. 14, 20.  Attorney Thomas A. Bothwell represents Fred Duane Stafford (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on October 3, 2011, alleging disability since January 1, 2009, due to diverticulitis,

right hand and arm problems, severe arthritis, severe neck problems - post motor vehicle accident, breathing problems, heart problems, insomnia, lower back pain, hepatitis C, claustrophobia, and gall stones.  Tr. 206-207.  Plaintiff amended his alleged onset date to October 3, 2011, prior to the administrative hearing.  Tr. 34, 55.  The application was denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Larry Kennedy held a hearing on April 24, 2013, Tr. 50-92, and issued an unfavorable decision on June 26, 2013, Tr. 34-45.  The Appeals Council denied Plaintiff's request for review on August 19, 2014.  Tr. 1-7.  The ALJ's June 2013 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on October 9, 2014.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was born on July 8, 1954, and was 57 years old on the amended alleged onset date, October 3, 2011.  Tr. 202.  Plaintiff completed the eleventh grade in school and has past work as a farm worker, painter, and construction worker.  Tr. 44, 59, 207-208.  Plaintiff's disability report indicates he stopped working on November 11, 2011, because the job was seasonal and he was unable to afford gas to continue working.  Tr. 207.  Plaintiff testified at the administrative hearing he is unable to work due to neck problems stemming from a motor vehicle accident and hip pain which causes him difficulty with sleep.  Tr. 67, 69.  He indicated anytime he tries to do something, he gets cramps all over his body.  Tr. 67-68.  When questioned by his attorney, Plaintiff stated he is unable to lift his left arm and has gastrointestinal problems as well.  Tr. 71-72.

Plaintiff indicated he spends a typical day helping his disabled sister with her grandchildren and staying in contact with his 18-year-old godson.  Tr. 63.  He

stated he spends much of his average day lying down "flat on [his] back." Tr. 73. He testified he uses marijuana on a daily basis to help with sleep. Tr. 65.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie

case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 26, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 3, 2011, the application date.  Tr. 37.  At step two, the ALJ determined Plaintiff had the following severe impairments:  lumbar and cervical degenerative disc disease, pain disorder and substance abuse disorder.  Tr. 36.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 38.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform a range of medium exertion level work.  Tr. 39-40.  The ALJ found Plaintiff can lift up to 50 pounds occasionally and lift and/or carry 25 pounds frequently; can sit, stand and/or walk about six hours in an eight-hour day; can occasionally reach overhead and frequently reach below shoulder level; can frequently handle and finger; can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; cannot climb ladders, ropes, or scaffolds, or crawl; must avoid concentrated exposure to vibrations and hazards and must avoid concentrated exposure to industrial types of fumes, odors, and gases, but is able to

tolerate dust and odors that ordinarily exist in most buildings or office settings; can perform simple, routine tasks and follow short, simple instructions; can do work that needs little or no judgment and could perform simple duties that can be learned on the job in a short period; has the average ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis within customary tolerances of employers' rules regarding sick leave and absence; and would work best in a work environment that is predictable and with few work setting changes.  Tr. 39-40.

At step four, the ALJ found Plaintiff was not able to perform his past relevant work as a farm worker fruit II, painter, or construction worker II.  Tr. 44. However, at step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of bagger and production assembler.  Tr. 45-46.  The ALJ therefore concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 3, 2011, the application date, through the date of the ALJ's decision, June 26, 2013.  Tr. 45.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting the opinions of Advanced Registered Nurse Practitioner (ARNP) Edward Liu, Master of Social Work (MSW) Therapist Dick Moen, and non-examining doctor Myrna Palasi, M.D.; (2) improperly rejecting Plaintiff's subjective complaints; (3) failing to fully and fairly develop the record; and (4) relying on the testimony of a vocational expert that was based on an incomplete hypothetical question.

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

**DISCUSSION**

**A.    Plaintiff's Credibility**

Plaintiff contends the ALJ erred by failing to provide valid reasons for rejecting his subjective complaints.  ECF No. 14 at 14-18.

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v.* Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible.  Tr. 40.

Within the section of the ALJ's determination pertaining to Plaintiff's credibility, the ALJ noted Plaintiff refused any suggestion that he quit smoking.  Tr. 42.  A claimant's failure to comply with a diagnosis to quit smoking "is an unreliable basis on which to rest a credibility determination."  *Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000) ("Given the addictive nature of smoking, the failure to quit is as likely attributable to factors unrelated to the effect of smoking on a person's health.").  Even though Plaintiff's smoking may have contributed to

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

his symptoms, the fact that he did not quit as recommended by his doctors does not necessarily undermine his credibility.  The Court concludes Plaintiff's failure to quit smoking is not a clear and convincing reason for discounting Plaintiff's credibility.

The ALJ also stated that Plaintiff's activities of daily living were inconsistent with his assertion of disability.  Tr. 43.  It is well-established that the nature of daily activities may be considered when evaluating credibility.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  However, while the ALJ indicated Plaintiff's allegations of disability were inconsistent with his testimony that he helps his sister, he helps look after his sister's grandchildren, he spends time with his Godson, he likes to go camping but has not gone for quite some time, and he spends time with friends, Tr. 43, there is no explicit evidence or report of what Plaintiff does or how he specifically spends this time.  *See Fair*, 885 F.2d at 603 (one does not need to be "utterly incapacitated" to be disabled).  It was not appropriate for the ALJ to find Plaintiff's level of activity was inconsistent with his complaints of disability.

Nevertheless, given the ALJ's other reasons for finding Plaintiff less than credible, as indicated below, the Court finds these two errors harmless.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1160, 1163 (9th Cir. 2008) (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming credibility finding where one of several reasons was unsupported by the record); *Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

The ALJ indicated Plaintiff had not engaged in treatment efforts, which suggests his symptoms are not as limiting as he claims.  Tr. 41.  In assessing a claimant's credibility, an ALJ properly relies upon "'unexplained or inadequately

explained failure to seek treatment or to follow a prescribed course of treatment.'"
*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80
F.3d at 1284); *see Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (an
"unexplained, or inadequately explained, failure to seek treatment may be the basis
for an adverse credibility finding unless one of a 'number of good reasons for not
doing so' applies"). A claimant's statements may be deemed less credible "if the
level or frequency of treatment is inconsistent with the level of complaints, or if the
medical reports or records show that the individual is not following the treatment
as prescribed and there are no good reasons for this failure." SSR 96-7p.

As noted by the ALJ, Plaintiff had been referred for physical therapy but did
not attend and had been noncompliant with nearly all medical recommendations.
Tr. 41-42. Although Plaintiff alleges financial difficulty as an excuse, ECF No. 14
at 16, this is not the case with Plaintiff. *Gamble v. Chater*, 68 F.3d 319, 321 (9th
Cir. 1995) (a claimant's failure to follow a course of treatment may be excused if
the claimant cannot afford the treatment). As stated by the ALJ, while Plaintiff
may have limited means, he has not been totally precluded from receiving medical
treatment as he testified he had access to healthcare through DSHS. Tr. 41 n.1, 64.

Plaintiff asserts his missed appointments and failure to follow through with
treatment should not have a negative effect on his credibility but rather should have
been considered further evidence of his mental health complaints. ECF No. 14 at
16. However, there is no evidence that his failure to seek treatment was
attributable to his mental health but instead appears to have been based on his own
personal preference. It was thus reasonable for the ALJ to conclude that the level
or frequency of Plaintiff's treatment was inconsistent with the level of his
complaints. *See Molina v. Astrue*, 674 F.3d 1104, 1112-1113 (9th Cir. 2012); SSR
96-7p. As such, the ALJ did not err by relying, in part, upon Plaintiff's failure to
seek treatment and his failure to comply with medical recommendations in
concluding Plaintiff was not entirely credible.

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

The ALJ also indicated Plaintiff declined to pursue a neurosurgical consultation in December 2012, instead choosing to use marijuana for his pain.  Tr. 42.  The Ninth Circuit has mentioned in an unpublished opinion that a claimant's reliance on only marijuana to treat one's symptoms could erode credibility.  *Cole v. Astrue*, 395 F. App'x 387, 389 (9th Cir. 2010).  Moreover, the ALJ noted Plaintiff had also given contradictory and deceptive reports regarding his drug use, which undermined his credibility.  Tr. 43.  Conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding.  *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ's finding that claimant was not a reliable historian regarding drug and alcohol usage supports negative credibility determination).  It was appropriate for the ALJ to find Plaintiff's lack of candor regarding his drug use diminished his credibility.  Tr. 43.

The ALJ further cited a June 19, 2012, report from Bryan G. Wernick, M.D., which stated that Plaintiff "does not seem to be very interested in being an active participant in improving his quality of life."  Tr. 42, 466.  Plaintiff's lack of motivation is further evidenced by his failure to attend physical therapy and noncompliance with medical recommendations as noted above.  The Ninth Circuit has recognized that the ALJ may properly consider the issue of motivation in assessing credibility.  *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992).

The ALJ determined the objective medical evidence of record also does not support his allegations of mental health issues.  Tr. 42.  A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided that it is not the sole factor.  *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).  As noted by the ALJ, Michelle M. Pearson, Psy. D., examined Plaintiff on June 13, 2012, and did not observe severe symptoms or note any mental limitations that would prevent Plaintiff from working.  Tr. 42, 455-460.  Plaintiff has additionally never been treated for

psychiatric symptoms, which is contrary to his allegations of disabling mental impairments.  Tr. 42.  As indicated by the ALJ, the medical evidence of record does not support Plaintiff's claim of disabling psychiatric limitations; therefore, it was appropriate for the ALJ to conclude the objective medical evidence does not support the level of limitation Plaintiff has alleged in this case.

Lastly, the ALJ indicated Plaintiff reported he stopped working in November 2011 because his position was seasonal and he could not afford gas to continue working.  Tr. 43, 207.  The inability to work due to nondisability factors is a valid basis for rejecting a claimant's credibility.  *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (stating that in making a credibility determination, the ALJ did not err by considering that claimant left his job because he was laid off, rather than because he was injured).  The ALJ properly discounted Plaintiff's credibility on the basis that he stopped working for reasons unrelated to his alleged disabling impairments.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405(g).  After reviewing the record, the Court finds the reasons provided by the ALJ for discounting Plaintiff's subjective complaints are clear, convincing, and fully supported by the record.  The ALJ did not err by concluding Plaintiff's assertions of disabling limitations were not fully credible in this case.

**B.    Medical Source Opinions**

Plaintiff contends the ALJ also erred by failing to accord proper weight to the opinions of Mr. Liu, Mr. Moen, and Dr. Palasi.  ECF No. 14 at 10-14.

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

Defendant responds that the ALJ properly weighed the medical evidence of record in this case.  ECF No. 20 at 4-14.

The ALJ determined Plaintiff retained the RFC to perform a restricted ranged of medium exertion-level work.  Tr. 39-40.  The ALJ further found that Plaintiff had the added non-exertional limitations of being able to only perform simple, routine tasks and follow short, simple instructions; do work that needs little or no judgment, and perform simple duties that can be learned on the job in a short period.  Tr. 39-40.  The ALJ indicated Plaintiff has the average ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis within customary tolerances of employers' rules regarding sick leave and absence and would work best in a work environment that is predictable and with few work setting changes.  Tr. 39-40.  The Court finds the ALJ's interpretation of the medical record is supported by substantial evidence.  *See infra*.

### 1.    Physical Capacity

The ALJ indicated that evaluating physicians have found Plaintiff capable of performing a restricted range of medium exertion-level work.  Tr. 40.  The ALJ specifically gave "great weight" to the examination findings of Phillip Dove, M.D.  Tr. 43, 284-289, 415-423.

Dr. Dove first examined Plaintiff in December 2010, and the examination revealed no cervical or lumbar tenderness, normal mobility and curvature, and a full range of motion in all joints.  Tr. 40-41, 288-289.  Dr. Dove stated the examination was normal and did not support a finding of incapacity.  Tr. 41, 284.  He opined that Plaintiff could stand for six hours per day, sit for eight hours per day, lift 50 pounds occasionally, and lift 30 pounds frequently.  Tr. 41, 284.  Dr. Dove concluded Plaintiff's condition was stable.  Tr. 41, 284.

Dr. Dove again examined Plaintiff in February 2012.  Tr. 41, 415-423.  He observed some spinal tenderness and paravertebral muscle spasm, but found Plaintiff had normal spinal range of motion and that straight leg raises were

negative.  Tr. 41, 422.  Dr. Dove opined that Plaintiff could perform medium work, including lifting 25 pounds frequently and a maximum of 50 pounds, sitting for prolonged periods of time, and standing for six of eight hours per day.  Tr. 41, 415.  Dr. Dove concluded Plaintiff's condition did not prevent him from working.  *Id*.

Dr. Dove's examination reports support the ALJ's RFC determination that Plaintiff is capable of performing a restricted ranged of medium exertion-level work.

Plaintiff complains that the ALJ ignored a February 9, 2011, "medical opinion" of Mr. Liu that Plaintiff's symptoms were exacerbated by daily activities, sitting, and walking.  ECF No. 14 at 11.  However, as noted by Defendant, the record cited by Plaintiff, Tr. 382, is a recitation of Plaintiff's subjective complaints[1] contained in the "History of Present Illness" section of Mr. Liu's report.  ECF No. 20 at 5-6.  It is not a "medical opinion" of Mr. Liu.  In any event, the ALJ discussed Mr. Liu's reports and Plaintiff's complaints to Mr. Liu, noting Plaintiff reported to Mr. Liu that his neck pain was worsening in October 2011, but the examination revealed only mild pain with motion of his cervical and lumbar spine and grossly normal motor and sensory functioning.  Tr. 41, 347-350.  This report does not conflict with the ALJ's ultimate RFC determination in this case.

The ALJ further indicated a December 2011 examination with Dr. Wernick revealed Plaintiff's spinal tenderness was mild and there was no muscle spasm, straight leg raising tests were negative, motor strength was full in his upper and lower extremities, and his cervical stenosis was considered "questionable."  Tr. 41, 409-410.  This report also does not conflict with the ALJ's RFC determination.

In February 2012, non-examining physician Myrna Palasi, M.D., reviewed the record and recommended Plaintiff be limited to the performance of less than

---

[1]As discussed above, the ALJ appropriately concluded Plaintiff was less than fully credible in this case.  *Supra*.

sedentary-level work.  Tr. 434.  The ALJ accorded "no weight" to this opinion by Dr. Palasi.  Tr. 44.

The ALJ rejected the opinion because Dr. Palasi provided no justification for contradicting Dr. Dove's "extensive findings made during two examinations."  Tr. 44.  The opinions of non-examining doctors are entitled to less weight than doctors who treat or examine a claimant.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.").  Reviewing physician Palasi's finding that Plaintiff could only perform less than sedentary-exertion level work is inconsistent with the findings of examining physician Dove.

The ALJ also noted Dr. Palasi relied on incomplete MRI results.  Tr. 44.  Dr. Dove had referred Plaintiff for a cervical spine MRI exam; however, Plaintiff was not able to complete the examination secondary to claustrophobia.  Tr. 471.  Despite the limited examination, the radiologist indicated there appeared to be severe degenerative disc changes at the C3-4 and C4-5 level.  Tr. 471.  Nevertheless, the radiologist commented that the completion of an MRI of the cervical spine, should the patient be able to tolerate claustrophobia, could be used for further evaluation.  Tr. 471.  The ALJ concluded the MRI findings were equivocal due to the limited nature of the exam.  Tr. 41.  The ALJ's conclusion in this regard is supported by a plain reading of the imaging report.  Tr. 471.

Dr. Palasi's report is inconsistent with the findings of Dr. Dove and not supported by the weight of the record evidence in this case.  The ALJ did not err by according Dr. Palasi's non-examining opinion "no weight."  Tr. 44.

## 2.    Mental Capacity

With respect to Plaintiff's mental capacity, the ALJ accorded "significant weight" to Clinical psychiatrist Pearson's findings and observations, Tr. 455-460,

1   and "little to no weight" to the evaluation completed by therapist Moen, Tr. 277-
2   283.  Tr. 43.

3        Dr. Pearson evaluated Plaintiff in June 2012.  Tr. 455.  Dr. Pearson
4   diagnosed Plaintiff with a pain disorder associated with both psychological factors
5   and a general medical condition.  Tr. 458.  She additionally diagnosed an
6   adjustment disorder with depressed mood; polysubstance abuse, in partial
7   remission; and nicotine dependence and gave Plaintiff a GAF score in the mid-50s,
8   indicative of moderate symptoms.  Tr. 458.  Dr. Pearson noted Plaintiff believed he
9   had a history of some depression, indicated he has never been treated for
10  psychological symptoms, and stated "I'm not that bad off."  Tr. 457.  The ALJ
11  credited Dr. Pearson's findings, noting Plaintiff's pain disorder contributed to his
12  functional limitations, but that no severe symptoms or mental limitations were
13  observed that would prevent Plaintiff from working.  Tr. 42.  These findings are
14  supported by the record evidence, including Plaintiff's presentation and the
15  observations of his treatment providers.  Tr. 43.

16       On November 30, 2010, Dick Moen, M.S.W., completed a
17  Psychological/Psychiatric Evaluation form.  Tr. 277-283.  Mr. Moen diagnosed
18  Plaintiff with depressive disorder, NOS; generalized anxiety disorder; and "Chest
19  pain, neck pain, back problems, gall stones, Hepatitis C."  Tr. 278.  He opined
20  Plaintiff had moderate and marked mental limitations.  Tr. 279.  Mr. Moen marked
21  "no" on the section of the report asking whether there was an indication of current
22  or recent alcohol or substance use.  Tr. 279.

23       Plaintiff contends that the ALJ erred by failing to provide appropriate
24  rationale for discounting Mr. Moen's opinion that Plaintiff had marked mental
25  limitations.  ECF No. 14 at 11-12, ECF No. 22 at 2.

26       Only licensed physicians and certain other qualified specialists are
27  considered "acceptable medical sources."  20 C.F.R. § 404.1513(a) (acceptable
28  medical sources include only licensed physicians, licensed or certified

ORDER GRANTING DEFENDANT'S MOTION . . . - 14

psychologists, licensed optometrists, licensed podiatrists and qualified speech-language pathologists). Mr. Moen, a therapist, is not an acceptable medical source; therefore, his opinions do not qualify as "medical evidence . . . from an acceptable medical source" as required by the Social Security Regulations. 20 C.F.R. §§ 404.1513, 416.913. Mr. Moen is an "other source," and an ALJ may discount testimony from "other sources" if he "'gives reasons germane to each witness for doing so.'" *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

The ALJ accorded the evaluation report of Mr. Moen "little to no weight" because it was not produced by an acceptable medical source and Mr. Moen was not given accurate information about Plaintiff's ongoing marijuana use. Tr. 43. Plaintiff has a history of marijuana use,[2] and Plaintiff has not always been forthright about his substance use with medical professionals, including Mr. Moen. Tr. 279. As noted by the ALJ, because Plaintiff was not forthcoming regarding his substance use, Mr. Moen was prevented from having a complete picture of Plaintiff's mental health condition. Tr. 43. The Court finds the ALJ's rationale, that Plaintiff failed to provide accurate drug background information to the psychological evaluator, is a germane reason for according little weight to the Mr. Moen's November 2010 report.

The ALJ further found that Mr. Moen relied heavily on Plaintiff's unreliable statements in formulating his opinions. Tr. 43. As discussed above, the ALJ's adverse credibility determination is supported by clear and convincing reasons, and a physician's opinion may be disregarded when it is premised on the properly rejected subjective complaints of a claimant. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d

---

[2]Plaintiff testified at the administrative hearing that he sometimes uses marijuana on a daily basis to help with sleep. Tr. 65.

ORDER GRANTING DEFENDANT'S MOTION . . . - 15

595, 602 (9th Cir. 1999) (the opinion of a physician premised to a large extent on a claimant's own account of symptoms and limitations may be disregarded where they have been properly discounted).  Since Plaintiff was properly found by the ALJ to be not entirely credible, *see supra*, the ALJ appropriately discounted the November 2010 report of Mr. Moen on the basis that it appears to have been based primarily on Plaintiff's subjective complaints.

The ALJ provided germane reasons for giving little to no weight to Mr. Moen's opinions.

### 3.    New Evidence

Plaintiff also argues that post-hearing evidence submitted to the Appeals Council provides further support for his argument that the ALJ's RFC determination is not supported by the weight of the record evidence in this case. ECF No. 14 at 13-14.

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Social Security Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).  The applicable regulation provides:

> If new and material evidence is submitted, the Appeals Council . . . shall evaluate the entire record including the new and material evidence submitted **if it relates to the period on or before the date of the administrative law judge hearing decision**.  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently in the record.

20 C.F.R. § 404.970(b) (emphasis added).  In order for new evidence to be "material," it must bear directly and substantially on the matter in dispute.  *See Ward v. Schweiker*, 686 F.2d 762, 765 (9th Cir. 1982) (post-hearing evidence of deterioration of a condition does not satisfy materiality requirement).

ORDER GRANTING DEFENDANT'S MOTION . . . - 16

Here, the Appeals Council considered the evaluations and opinions of Caryn Jackson, M.D., dated January 21, 2014 to May 14, 2014, and a DSHS Review of Medical Evidence dated April 15, 2014. Tr. 2. The Appeals Council noted, however, that the ALJ decided this case on June 26, 2013. Because the new information pertained to a period of time months after the ALJ's June 26, 2013 decision, the Appeals Council concluded the new evidence did not have an effect on the decision about whether Plaintiff was disabled during the relevant time period in this case. Tr. 2.

As correctly indicated by the Appeals Council, the new evidence does not relate to the period on or before the date of the ALJ's hearing decision. *See* 20 C.F.R. § 404.970(b). Accordingly, it is not material to the disability claim currently before this Court.[3]

It is the responsibility of the ALJ to determine credibility, resolve conflicts in medical testimony and resolve ambiguities, *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996), and this Court may not substitute its own judgment for that of the ALJ, 42 U.S.C. § 405(g). Where, as here, the ALJ has made specific findings justifying a decision, and those findings are supported by substantial evidence in the record, this Court's role is not to second-guess that decision. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Based on the foregoing, the Court finds the ALJ did not err in his assessment of the medical evidence of record. The ALJ's RFC determination is in accord with the weight of the record evidence and free of legal error.

## C.    Duty to Develop the Record

Plaintiff also contends the ALJ committed reversible error by failing to fully and fairly develop the record. ECF No. 14 at 18-19. Plaintiff argues the ALJ

_____

[3]If Plaintiff's condition has worsened since the ALJ's June 26, 2013 decision, Plaintiff is free to file a new disability claim for his present condition.

ORDER GRANTING DEFENDANT'S MOTION . . . - 17

should have ordered a consultative exam because the evidence in the record was not sufficient to support a determination regarding Plaintiff's impairments. *Id*.

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan*, 242 F.3d at 1150; *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). However, it is Plaintiff's duty to prove he is disabled. 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."). The Code of Federal Regulations explains:

> [Y]ou have to prove to us that you are blind or disabled. You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled. This duty is ongoing and requires you to disclose any additional related evidence about which you become aware. This duty applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision. We will consider only impairment(s) you say you have or about which we receive evidence.

20 C.F.R. § 404.1512(a); *see also* 20 C.F.R. § 404.1512(c) ("You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled.").

An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan*, 242 F.3d at 1150. As discussed above, the record does not support a more restrictive finding than Plaintiff being limited to performing a range of medium exertion level. The ALJ's RFC determination is in accord with the weight of the record evidence and free of legal error. The record before the ALJ was neither ambiguous nor inadequate to allow for proper

evaluation of the evidence.  Accordingly, the ALJ did not err by failing to order a consultative examination to further develop the record with respect to Plaintiff's physical and/or mental capabilities.

**D.    Step Five**

Plaintiff lastly argues the ALJ erred by not including all of Plaintiff's symptoms in the hypothetical posed to the Vocational Expert (VE).  ECF No. 14 at 19-20.

The ALJ may rely on VE testimony if the hypothetical presented to the VE includes all functional limitations supported by the record and found credible by the ALJ.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  An ALJ is not obliged to accept the limitations presented by Plaintiff's representative.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-1165 (9th Cir. 2001); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  It is the province of the ALJ to make a final determination regarding Plaintiff's RFC and disability.

As indicated above, the ALJ concluded Plaintiff could perform medium exertion level work, with certain restrictions.  Tr. 39-40.  The Court finds the ALJ's rationale for this RFC determination was legally sufficient and supported by substantial evidence in the record.  There is no credible evidence of record supporting greater limitations than those determined by the ALJ.  The ALJ was thus not required to include any further restrictions in the RFC assessment or the hypothetical presented to the VE.  The hypothetical presented to the VE at the administrative hearing and relied upon by the ALJ was proper because it reflected the ALJ's RFC determination.

In response to the hypothetical which reflected Plaintiff's RFC, the VE testified that work existed in significant numbers in the national economy which Plaintiff could perform, including the jobs of bagger and production assembler.  Tr. 83-85.  Accordingly, the ALJ did not err by relying on the VE testimony that an individual with Plaintiff's profile could perform other work that existed in

ORDER GRANTING DEFENDANT'S MOTION . . . - 19

significant numbers in the national economy.  The ALJ did not err at step five of the sequential evaluation process or by concluding Plaintiff was not disabled.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 14, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE